## DIMMICK *v.* DIMMICK

DIVORCE—CUSTODY ORDER—REASON FOR DEVIATING FROM STATUTE—DISCRETION.

> Trial judge, directing that a child under 12 should be left in the custody of the father rather than with the divorced mother, must state his reasons for doing so, in order that his exercise of discretion may be reviewed (CL 1948, § 722.541).

Appeal from St. Joseph, Andrews (Mark S.), J. Submitted Division 3 November 14, 1968, at Grand Rapids. (Docket No. 4,618.) Decided December 20, 1968.

An action for divorce by John Dimmick against Joy Dimmick resulted in a judgment of divorce to John Dimmick and custody of their minor child to Joy Dimmick, who later voluntarily gave custody to John Dimmick; subsequently she tried to regain custody of the child by contempt proceeding. Order to show cause denied. Defendant appeals. Remanded for further proceedings.

*Weiner & Wade,* for plaintiff.

*Bucknell & Gergely,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error §§ 772–775.
24 Am Jur 2d, Divorce and Separation §§ 791–795.
53 Am Jur, Trial §§ 1131–1150.

PER CURIAM. The parties hereto were divorced on December 16, 1963, and custody of their minor child was awarded defendant mother and the father ordered to pay for the child's support. On February 8, 1964, defendant left the child with plaintiff father and on February 14, 1964, the father petitioned the court for a change of custody and cancellation of the support order. On February 24, 1964, the court modified the support order to provide that the father should not have to pay so long as the child remained in his custody but did not specify any change of custody.

On August 18, 1965, the defendant mother petitioned the court to modify the decree to restore the child to her custody. A full hearing was had and the petition denied on January 31, 1966, and no revision of the original (1963) order of custody was entered.

Thereafter on July 7, 1967, a petition for an order to show cause why plaintiff should not be cited for contempt for failure to observe the original decree was filed. The order was denied and this appeal tests the propriety of such denial.

We find no error in denying the order to show cause, but since the controversy concerns the custody of the now 7-year-old child of the parties we are convinced a corrected order of custody is required.

Subject to the overriding consideration of what is for the best interest of the child, the legislature has laid down the public policy of this state by providing that a child under the age of 12 years should be left in the custody of the mother and a child over the age of 12 years in the custody of the father. CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311).

If a trial court sees fit to provide an order of custody different from that set forth in the statute, his reasons for so doing should be stated so that his discretion may be reviewed for abuse.

In his opinion explaining his decision on the mother's petition for a change of custody in 1966, the trial court stated his conclusion that the best interest of the child would be served by leaving her in the father's custody, but neither the opinion nor order stated any findings of fact upon which this conclusion was based.

Accordingly, this cause is remanded to the trial court for the entry of a current order of custody. We relinquish our jurisdiction of this cause.

Remanded. No costs.

HOLBROOK, P. J., and T. G. KAVANAGH and Mc-INTYRE, JJ., concurred.