DIMMICK v. DIMMICK

1. DIVORCE—PLEADING—CHILDREN—CUSTODY—HEARING—NOTICE.
   Defendant in a divorce action had adequate notice from the pleadings that a custody hearing would be held where a petition by defendant requested a hearing in accordance with the decision of the Court of Appeals, which had remanded for entry of a current order of custody, and plaintiff's answer indicated that such a hearing would be held.

2. DIVORCE—CHILDREN—CUSTODY—MODIFICATION OF DECREE.
   Modification of a divorce judgment to award custody of a minor child to the father was not an abuse of discretion where the record clearly supported a finding that the order granting custody to the father was based on an overriding consideration of the child's best interest (CL 1948, § 722.541).

Appeal from St. Joseph, Mark S. Andrews, J. Submitted Division 3 February 6, 1970, at Grand Rapids. (Docket No. 7,858.) Decided February 24, 1970. Leave to appeal denied May 13, 1970. 383 Mich 781.

Action for divorce by John Dimmick against Joy Dimmick. Decree granted. Custody of minor child awarded to defendant. Defendant voluntarily relinquishes custody to plaintiff. Defendant tries to regain custody by contempt proceeding. Order to show cause denied. Defendant appeals. Reversed and remanded for further proceedings. Decree

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 817, 818,

modified and custody awarded to plaintiff. Defendant appeals. Affirmed.

*Weiner, Wade & Tucker,* for plaintiff.

*Bucknell, Gergely & Foley,* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

PER CURIAM. The parties hereto were divorced on December 16, 1963, and custody of their minor child was awarded to defendant mother. On February 8, 1964 defendant left the child with plaintiff to go to California to remarry. On February 13, 1964 the father petitioned the court for a change of custody and cancellation of support order. The support order was modified, but the court did not specifically order a change in custody.

In July, 1967 defendant mother filed a petition for an order to show cause why plaintiff should not be cited for contempt for failure to observe the original decree as to custody. The order was denied. Upon appeal to this Court the denial of the order was upheld and the matter was remanded for the entry of a current order of custody (see *Dimmick* v. *Dimmick* [1968], 15 Mich App 7). Upon a petition of defendant, couched in the following language, the present hearing was had and custody continued in plaintiff father:

"WHEREFORE, your petitioner prays:

"1st. That this court set a date certain for a hearing in compliance with the decision of the Court of Appeals in *Dimmick* vs. *Dimmick;* and if at such hearing the respondent is unable to show that said petitioner is an unfit and improper person to have

* Circuit judge, sitting on the Court of Appeals by assignment.

the care, custody and control of the minor child, that the court enter its Order requiring him to immediately deliver possession of this said child to the petitioner so that she will not only have legal custody but possession of said child.

"2nd. That this court modify the order entered in this case on the 24th day of February, 1964 so as to reinstate support as ordered by the Judgment of Divorce and to direct the return of the possession of the minor child to the petitioner herein."

Upon appeal defendant contends that the court improperly held a hearing to determine custody. The petition of defendant requested a hearing in accord with the decision of the Court of Appeals. Plaintiff's answer also indicated that such a hearing would be held. The pleadings of the parties provided adequate notice to defendant that a hearing would be had with regard to custody. There was no error in conducting such a hearing.

The February, 1964 decision of the lower court has subsequently been interpreted in several proceedings, and it has been indicated that a modification of the divorce decree with respect to custody was intended. This interpretation is supported by the actions of the lower court and is a proper one under the circumstances. The hearing in the instant case therefore was merely a clarification of the earlier decision modifying the divorce decree. The order granting custody to the father based on the overriding consideration of what is for the best interest of the child and contrary to CL 1948, § 722-.541 (Stat Ann 1957 Rev § 25.311) is clearly supported by the record and we find no abuse of discretion.

Affirmed, with costs to plaintiff.